In the Matter of Keith J.
HAYS, Respondent.

No. 49S00–1408–DI–545.

Supreme Court of Indiana.

Signed April 9, 2015.

### PUBLISHED ORDER ACCEPTING RESIGNATION AND CONCLUDING PROCEEDING

A "Verified Complaint for Disciplinary Action" against Respondent was filed on August 21, 2014. Respondent has now tendered to this Court an affidavit of resignation from the bar of this State, pursuant to Indiana Admission and Discipline Rule 23(17), which requires an acknowledgement that the material facts alleged are true and that Respondent could not successfully defend himself if prosecuted.

**IT IS THEREFORE ORDERED that the resignation from the bar of this State tendered by Respondent is accepted effective immediately.** The Clerk of this Court is directed to record Respondent's resignation on the Roll of Attorneys. Respondent shall fulfill all the applicable duties under Admission and Discipline Rule 23(26)(d).

IT IS FURTHER ORDERED that any attorney disciplinary proceedings pending against Respondent are hereby dismissed as moot because of Respondent's resignation.

Respondent shall be ineligible to petition for reinstatement to the practice of law for five years from the date of this order. *See* Admis. Disc. R. 23(4)(a). If Respondent seeks reinstatement, the misconduct admitted in Respondent's affidavit of resignation, as well as any other allegations of misconduct, may be addressed in the reinstatement process. Approval of a petition for reinstatement is discretionary and requires clear and convincing evidence of the petitioner's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b). Acceptance of Respondent's resignation from the bar serves only to remove Respondent from the practice of law and does not relieve Respondent from any liability he might have for his misconduct under civil or criminal law.

The costs of this proceeding are assessed against Respondent. With the acceptance of this resignation, the hearing officer appointed in this case is discharged.

All Justices concur.